UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACQUIZ JONES,

Plaintiff,

v.

ADVENTIST HEALTH DELANO HOSPITAL, et al.,

Defendants.

No. 1:25-cv-000197-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION

(ECF No. 9)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on February 13, 2025. (ECF No. 1.)

On March 18, 2025, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 8.)

Plaintiff failed to file an amended complaint or otherwise respond to the March 18, 2025 order. Therefore, on April 28, 2025, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 9.) Plaintiff has failed to respond to the order to show

cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///

///

///

**II.**

**FACTUAL ALLEGATIONS**

On January 23, 2024, Plaintiff was taken to the Adventist Health Delano by two correctional officers named C. Bejar (male) and N. Camacho (female). Plaintiff was put to sleep for treatment of his injury and later woke up in a state of grogginess. I do not recall how I ended up sitting on the bathroom toilet with my pants down. Nor do I recall how I got in the bathroom. I recall that I had to pee very bad, but he could not piece together how. Plaintiff recalls officer C. Bejar rushing me to hurry up because he was ready to go. Officer Bejar then for "no reason" grabbed me forcefully (while Plaintiff was still sitting on the toilet trying to pee) and attempted to pick up Plaintiff and dropped him onto the bathroom floor. Officer Bejar again attempted to pick up Plaintiff multiple times and continued to drop him on the floor each time. Plaintiff felt a sharp pain shoot up through his right knee, spin, and back. Plaintiff was also dropped twice on his left injured arm for which he just received medical treatment. Plaintiff was left on the bathroom floor, and when officer Bejar returned with a male nurse employed by Adventist at which point they picked up Plaintiff from the floor and placed him in a wheelchair. Officer Bejar did not attempt to pull up Plaintiff's pant which left his private parts exposed. Plaintiff was then rolled past other female nurses, patients, and patient's families, etc. Plaintiff recalls the male nurse and others laughing about him falling on the bathroom floor while naked and being exposed in the wheelchair. Plaintiff was then rolled back to his room and placed in the bed. Plaintiff was given a pee/urine bottle. Plaintiff tried to urinate again and officer Bejar verbally and sexually harassed Plaintiff by accusing him of trying to show female officer Camacho his private part. Plaintiff also recalled a male voice stating, "small penis." Plaintiff was then harassed by officer Bejar and the male nurse who accused Plaintiff of stalling because he was scared to go back to the yard. Plaintiff repeatedly asked for something to drink. The male nurse repeatedly told Plaintiff that he was done and ready to go. Plaintiff was not held for the 24-hour period a patient is supposed to be held after falling in the hospital. Plaintiff did not see the doctor after he woke up from his treatment. Plaintiff was also not given instructions on what he had to do to take care and maintain his injuries. He was not specifically advised how long to keep his arm in a sling to properly care

for his injuries. Nor was Plaintiff prescribed any pain medication.

Plaintiff was subsequently returned to the prison and during the transport he urinated on himself. When they arrived at the prison, officer Bejar attempted to walk Plaintiff to his building without a wheelchair. Plaintiff could not see and was disoriented which caused him to walk funny. Bejar complained of Plaintiff's "sluggish" pattern of walk. Plaintiff stated out loud "why can't I open my eyes?" As Plaintiff attempted to open his eyes, he became dizzy and began to vomit. Plaintiff was then placed in a wheelchair and continued to vomit.

**III.**

**DISCUSSION**

**A. Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7, 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Here, Plaintiff contends that he was subjected to excessive force by officer Bejar when he was dropped to the floor while attempting to pick him up. Plaintiff fails to provide sufficient facts to show that the officer Bejar used excessive or unnecessary force, or that he used force for the very purpose of causing harm. In addition, there are insufficient facts to determine whether the alleged use of force was more than de minimis. Accordingly, Plaintiff fails to state a

cognizable claim for deliberate indifference.

**B. Verbal Comments/Harassment**

Plaintiff fails to state a cognizable claim based on the alleged verbal comments. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (quoting Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Cox v. Kernan, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting Keenan, 83 F.3d 1083 at 1092). Plaintiff's factual allegations do not support a claim.

**C. Adventist Hospital Medical Staff as Defendants**

Plaintiff bears the burden of establishing that defendant is a state actor, and there is a presumption that private individuals and entities do not act under the "color of state law" within the meaning of § 1983. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). To state a claim under § 1983, Plaintiff "must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law." Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (quoting Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001)); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006); see also Sampson v. County of Los Angeles, 974 F.3d 1012, 1018 (9th Cir. 2020). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." Gritchen, 254 F.3d at 812; see also West v. Atkins, 487 U.S. 42, 46–48 (1988). The question in

determining whether a person is subject to suit under § 1983 is the same as the question in Fourteenth Amendment claims, Pasadena Republican Club v. W. Justice Ctr., 985 F.3d 1161, 1167 (9th Cir. 2021). Specifically, is the alleged infringement of federal rights fairly attributable to the government? Id.

Determining whether a private party acts under color of state law "is a matter of normative judgment, and the criteria lack rigid simplicity." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001); Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 747 (2020). "[N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government." Brentwood, 532 U.S. at 295–96. To typically act under color of state law, a defendant must have exercised power possessed on account of state law and made possible because they are cloaked with the authority of state law. West, 487 U.S. at 49; Florer, 639 F.3d at 922. A defendant need not necessarily be a state employee, but they must be "a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27–28 (1980).

There are at least four tests that facilitate identification of state action. Namely, "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Rawson, 975 F.3d at 747 (quoting Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003)). Satisfaction of any the tests is enough to find state action, provided no "countervailing" factor defeats a finding of state action. Pasadena Republican Club, 985 F.3d at 1167; Rawson, 975 F.3d at 747. Regardless of the test, the question is simply always whether a defendant has exercised power possessed and made possible because state law. Pasadena Republican Club, 985 F.3d at 1167.

The public function test is satisfied only upon a showing that the function relevant to a claim is "both traditionally and exclusively governmental." Rawson, 975 F.3d at 747 (quoting Kirtley, 326 F.3d at 1093). A plaintiff may satisfy both the nexus and joint action tests by identifying "a sufficiently close nexus between the state and the private actor," such that the

private action may be treated as an action of the State, or where the State is so interwoven with the private action that the State was a joint participant in the action. Id. (quoting Jensen v. Lane Cty., 222 F.3d 570, 575 (9th Cir. 2000)). Governmental compulsion or coercion may exist if the State exercised coercive power or provided encouragement—whether explicit or secret—such that a choice must be viewed as one made by the State. Id. (citing Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

Physicians who contract with prisons to provide healthcare to inmates are state actors. See, e.g., West, 487 U.S. at 50–54; Harris v. Mkrtchyan, No. 2:19-cv-1040-JAM-JDP (PC), 2021 WL 2651999, at *2 (E.D. Cal. June 28, 2021); George v. Sonoma Cty. Sheriff's Dep't, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010). However, private doctors, nurses, and hospitals who have not assumed the State's obligation to provide medical care to inmates, are not state actors just because they provide one-off medical treatment to an inmate. See, e.g., West, 487 U.S. at 50–54; Felix v. Casey, No. 2:18-cv-3185-KJM-AC-P, 2021 WL 2209828, at *2 (E.D. Cal. June 1, 2021); Probst v. Adams Cty. Sheriff's Dep't, No. 1:20-cv-00032-DCN, 2021 WL 1554064, at *3 (D. Idaho Apr. 19, 2021).

Here, there are insufficient allegations that the John Doe Nurse and John Doe Doctor employed at Adventist Hospital are contract medical professionals with Kern Valley State Prison, the California Department of Corrections and Rehabilitation (CDCR), or that they are otherwise employed by the State. In fact, it appears that the John Doe Nurse and John Doe Doctor are employed by Adventist Health. (ECF No. 8); see also Von Haney v. Cross, No. 2:18-CV-1836 KJN P, 2019 WL 586620, at *2 (E.D. Cal. Feb. 13, 2019) (stating outside surgeons and anesthesiologist at Shasta Medical Center and "are not employees of the California Department of Corrections and Rehabilitation, and thus do not qualify as state actors under section 1983.").

**D. Deliberate Indifference**

Even assuming Plaintiff can show the John Doe Nurse and John Doe Doctor at Adventist Hospital are state actors, Plaintiff's allegations fail to give rise to a claim for deliberate indifference to a serious medical need.

The Eighth Amendment's prohibition against cruel and unusual punishment protects

prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong.

First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer, 511 U.S. at 834. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. This "involves a two-part inquiry." Thomas, 611 F.3d at 1150. "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Thomas, 611 F.3d at 1150 (citation omitted). "Second, the inmate must show that the prison

officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.") Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Here, Plaintiff alleges only that he was not held for the 24-hour period after he fell, he did not see the doctor after waking up from treatment, he and was not given post-discharge instructions, and was not provided pain medication. Plaintiff's allegations are insufficient to demonstrate that any medical professional was deliberately indifferent to a serious medical need. Rather, Plaintiff's allegations, at most, amount to potential negligence. Furthermore, Plaintiff cannot base his claim of deliberate indifference on his disagreement with the treatment or medical provided. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**IV.**

**FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

Here, the Court screened Plaintiff's complaint, and on March 18, 2025, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 8.) Plaintiff did not file an amended complaint or otherwise respond to the Court's March 18, 2025 order. Therefore, on April 28, 2025, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 9.) Plaintiff failed to respond to the April 28, 2025 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,

53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of March 18, 2025 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order

for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court'March 18 , 2025, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district ju6dge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 8.) In addition, the Court's April 28, 2025, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders.

## V.

## ORDER AND RECOMMENDATIONS

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the March 18, 2025 and April 28, 2025 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim

for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge