1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   JACQUIZ JONES,                         | Case No. 1:25-cv-0197 JLT SAB (PC)

12            Plaintiff,                     | ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS, DISMISSING THE
13        v.                                ACTION WITH PREJUDICE, AND
                                            DIRECTING THE CLERK OF COURT TO
14   ADVENTIST HEALTH DELANO                CLOSE THE CASE
     HOSPITAL, et al.,
15                                          (Doc. 11)

16            Defendants.

17

18          Jacquiz Jones seeks to hold the defendants liable for violations of his civil rights, asserting

19   that he a correctional officer used excessive force when he dropped Plaintiff while attempting to

20   pick him up, and he suffered verbal harassment.  (Doc. 1 at 4, 8-9.)  In addition, Plaintiff asserts

21   that he was not instructed on aftercare for his shoulder that had been dislocated, and as a result

22   Plaintiff "unknowingly removed [his] sling & now [his] arm keeps popping out of place."  (*Id.* at

23   3.)  The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and

24   found he failed to state a cognizable claim.  (Doc. 8 at 4-9.)  The Court granted Plaintiff the

25   opportunity to amend his complaint.  (*Id.* at 9.)  However, Plaintiff did not file an amended

26   complaint.  The Court ordered Plaintiff to show cause why the action should not be dismissed

27   (Doc. 9), and Plaintiff again did not respond.

28          After Plaintiff failed to respond, the magistrate judge recommended dismissal.  (Doc. 11.)

                                            1

1    In doing so, the magistrate judge reiterated the findings that Plaintiff failed to state a cognizable

2    claim. (*Id.* at 4-9.)  The magistrate judge also found Plaintiff failed to comply with the Court's

3    screening order and failed to prosecute the action. (*Id.* at 9.)  The magistrate judge considered the

4    factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

5    1986), and found terminating sanctions are appropriate for Plaintiff's inaction. (*Id.* at 10-11.)

6    Therefore, the magistrate judge recommended the Court dismiss the action for Plaintiff's failure

7    to state a claim, failure to obey the Court's orders, and failure to prosecute. (*Id.* at 11.)

8         The Court served the Findings and Recommendations on Plaintiff and notified him that

9    any objections were due within 14 days. (Doc. 11 at 12.)  The Court advised him that the "failure

10   to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*,

11   quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Plaintiff did not file

12   objections, and the time to do so has passed.

13        According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

14   Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

15   are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

16        1.    The Findings and Recommendations issued on May 22, 2025 (Doc. 11) are

17              **ADOPTED** in full.

18        2.    The action is **DISMISSED** with prejudice for failure to state a cognizable claim,

19              failure to prosecute, and failure to comply with a court order.

20        3.    The Clerk of Court is directed to close this case.

21

22   IT IS SO ORDERED.

23   Dated:  __**June 18, 2025**__                    _Jennifer L. Thurston_

                                                       UNITED STATES DISTRICT JUDGE